## SCHWANNECKE v. GOODENOW et al.

### L. A. No. 268; March 15, 1898.

#### 52 Pac. 588.

**Ejectment.**—Where, in Ejectment to Recover a Storeroom under a lease of the entire building from one of defendants, the complaint alleged a conspiracy between defendants to withhold the property from plaintiff, a finding that the lease gave plaintiff the right of possession of the entire building except such storeroom, which was occupied by the other defendant, negatived the issue of conspiracy.

**Ejectment.**—In Ejectment Against the Lessor and Another Lessee, a finding that plaintiff lessee had no right of possession need not dispose of the relative rights and liabilities of defendants in the property in controversy.

**Appeal.**—Where There is No Fact not Covered by the Findings which, if found in favor of appellant, could affect the judgment, objections as to want of findings on certain issues are immaterial.

APPEAL from Superior Court, Los Angeles County.

Ejectment by Henry Schwannecke against S. Goodenow and Edward W. Grannis. From a judgment for plaintiff, defendants appeal. Affirmed.

Jones & Weller for appellants; Schultze & Luckel for respondent.

HAYNES, C.—The defendants appeal from the judgment upon the judgment-roll. The original complaint states a cause of action in ejectment to recover possession of a certain storeroom described as the east half of the ground floor of a certain building. Plaintiff claims under a lease executed by defendant Goodenow, the owner of the premises, consisting of a lot with a two-story and basement building thereon, the ground floor being divided into two storerooms, and the upper floor into rooms; the term being for five years from September 1, 1895, the lease bearing date September 1, 1894. The lease describes the premises leased as "all that certain storehouse, with basement and rooms above, situated," etc. The complaint charges a conspiracy between the defendants, whereby Grannis leased from Goodenow, with knowledge of plaintiff's lease, the east half of the ground floor of said build-

ing, and that he withholds the same, etc. The defendants' answer admits the execution of the lease under which plaintiff claims, admits that Goodenow leased to Grannis certain property, but alleged that the property so leased was different from that leased to the plaintiff, and denied the alleged conspiracy. Afterward the plaintiff, with leave, filed an amendment to his complaint, setting up a distinct cause of action to quiet title to the rooms above and the basement beneath the stores, and it was stipulated that the answer to the original complaint should go to the amendment also, and that all allegations should be deemed denied except those admitted by the answer to the original complaint.

The court found, among other things, that the plaintiff was entitled to hold and possess, under said lease, "all that certain storehouse, including all the rooms in the upper or second story, and all the basement underneath the store or ground floor, save and except the certain store occupied by defendant Edward W. Grannis as a grocery"; and that the claims of the defendants thereto "are groundless and invalid, save and except the storeroom now occupied by defendant Grannis as a grocery, and the use of two-thirds of said barn." It is not contended by appellants that the findings do not support the judgment, but it is urged for reversal that "several of the material issues were not found by the court below." The only issue specified by counsel in their brief as not having been found upon is that formed by the allegation of a conspiracy between the defendants by which defendant Grannis obtained a lease of the east half of the ground floor from his codefendant, and was put in possession of it, and defendants' denial, not of the lease, but of the conspiracy. The plaintiff's only right to any part of the property was under the lease, a copy of which was set out in the complaint, and the court found that plaintiff was entitled to the possession of all the building, except the east half of the ground floor, occupied by defendant Grannis as a grocery. This is equivalent to a finding that said east half was not included in the lease under which the plaintiff claimed, and hence it was immaterial how defendant Grannis obtained possession, whether by conspiracy or otherwise, though, as Goodenow is the conceded owner, and had not leased the east storeroom to the plaintiff, the charge of conspiracy is negatived by the finding. It was not necessary to find affirmatively that a lease

was executed to Grannis of the east storeroom, or that he had any right to its possession; for, if the plaintiff had no right to it, it is immaterial to him whether Grannis had any right to it or not. Indeed, there was no issue as to the execution of the lease to Grannis. It was alleged in the complaint, and admitted in the answer, that the lease was made, and the only room for controversy was as to whether the east storeroom was embraced in plaintiff's lease. There is no fact, not covered by the findings, which, if found in favor of the defendants, could affect the judgment; and it should therefore be affirmed.

We concur: Chipman, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is affirmed.